Thank you, and good morning, your honors. I'm Marilee Marshall on behalf of Mr. Garcia, the petitioner in this case. This is a kill zone case, a case that was prosecuted on a kill zone theory. You're arguing now the sufficiency ground? Well, both, but the sufficiency first. I can't really separate them out totally. Why isn't sufficiency procedurally barred? Procedurally barred? It was raised and decided on the merits by the California Supreme Court. It wasn't raised on direct appeal. It wasn't raised on direct appeal. Stop, stop, stop. It wasn't raised on direct appeal, yes? Correct. Okay. And normally, sufficiency of the evidence grounds do get raised and can be raised on direct appeal because they are based on the record of the trial. There isn't more evidence that you need to look at. It's like an IAC claim, right? Of course. Okay. So it gets raised in the petition in the Supreme Court, in the Havis petition, and the state objects inter alia on procedural bar grounds. And then the Supreme Court says no. So I am just wondering why we don't read the Supreme Court's order as having held that this issue is procedurally barred. Because, Your Honor, basically if appellate counsel is ineffective and doesn't raise an argument and then habeas counsel comes along, you know, and reviews the direct appeal and sees that this argument was not raised and then raises it. Then you have an IAC claim. Which I made. True, but irrelevant. The point is you don't have a substantive ground if you don't raise it, if it's procedurally barred. You might then have an IAC claim, but we now don't have an IAC claim before us. I raised it in the court. I realize you raised it, but let's just, we can talk about the IAC in a minute. Let's just stick to the sufficiency claim. The actual substantive sufficiency claim. Why isn't the sufficiency claim barred? Unless you can open it up by proving IAC. And we will talk about IAC in a minute. But let's just look at the sufficiency claim standing on its own. Why it's not procedurally barred? Barred, yes. Because I showed cause and prejudice for failure to raise it, but mainly ineffective assistance of appellate counsel. Again, let's not talk about IAC. Okay. We can talk about IAC in a minute if you want to. But you are not raising an IAC claim in your federal petition, at least that's not what's before us. What's raised before us is a substantive sufficiency of the evidence claim. Well, because I believe that the claim was adjudicated on the merits in the California Supreme Court by virtue of the fact that. But what causes you to believe that, given that the Supreme Court says nothing and the state objected? If you look at page 17 of the state's response to the habeas petition, it says a petitioner is barred from raising a claim on habeas. The heading is ground two of petitioners barred by petitioners' failure to raise it on direct appeal. So they specifically raised procedural bar in the habeas petition. The California Supreme Court simply says no. Why is that the end of the sufficiency claim? Because counsel was clearly ineffective for not raising it. It was presented to him by virtue of 1118.1 and by virtue of a 995. Counsel, isn't there authority that tells us how we're supposed to treat a simple denial from the California Supreme Court? Yes, as a denial on the merits. What case is that? That's what I think was the cheapest. Harrington v. Richter. Okay. And so, therefore, I would assume that they raised, they treated all the claims in my petition as on merits. I'm sorry, but Harrington helps you not at all, because a procedural bar is a denial on the merits. They deny the petition on the state ground, on the independent ground, that it wasn't properly raised. We don't know that. Why would we assume that from a simple denial, from a one-word denial denied? There are two possible grounds in which they could have denied, the two separate substantive grounds that they could have denied the petition in the state court. Well, there were many issues before them. No, no, but on this ground. One of them is there is sufficient evidence, and the other one is you didn't raise it by way of procedural, you didn't raise it on direct appeal. I mean, you should have. Well, of course, it wasn't me. If it was I can do the direct appeal, it would have been raised. I'm talking about petitioner. I thought we had authority from the California Supreme Court saying that when we simply deny a petition without citations to procedural bar precedent, it just simply means we denied it on the merits. That's what it means to me, Your Honor. Okay, but is there authority that that's what I thought there was. That's Harrington v. Richter, I think, that just said that confirmed that recently or, yeah, that it's disputed on the merits, to be on the merits, and that's why. The U.S. Supreme Court can't tell us what grounds the state supreme court used. If there's authority like that from the state court saying that there are two grounds, a bar ground and a substantive ground, you have to assume it was on the substantive ground. But do you have a case like that from the state court? Doug, there's a recent case that I can't think of the name of now. It's not exactly like that, but it would solve the problem. It says that it's from the U.S. Supreme Court on habeas. It says that a first habeas petition, where there's been ineffective assistance of counsel on direct appeal, a procedural bar will not lie to default a habeas claim. I didn't expect this to come up today. I would have had it in my head. It's been the last couple of months. Go ahead and discuss the substance of the claim. Well, I mean, this is an ineffective. Well, I won't mention ineffective until the court gives me permission. But the sufficiency claim that jumps out at you, it's a kill zone theory with no one in the kill zone. Absolutely no one. It's not just a question of not knowing who John Doe is. To be fair, we don't have an IAC claim before us now. Well, I'm talking about the sufficiency claim now. Well, the incentive is between raising a sufficiency claim and raising an IAC claim. IAC, there could be a strategy. There could be lots of reasons why a lawyer doesn't raise it. But that has to be before us. We don't have an IAC claim, do we? Well, there wasn't any since the district court addressed this claim on the merits. I thought you were talking now about the sufficiency claim directly. That's what I was trying to, yes. And your theory is there was no one in the kill zone, so there's insufficient evidence. Is that what you're saying? There's insufficient evidence of attempt to commit murder, which requires a human being and an ineffectual attempt to kill the human being. And here we have not even a witness that says there was a human being standing there, let alone. I mean, I'm not saying we have to know the name. I mean, John Doe might be sufficient, but there was nobody there, John Doe, that didn't exist. Well, wait a minute. Let me just make sure I understand the facts. I thought your client walked up to the apartment complex. It's one of those that has an interior courtyard with apartments that face into the courtyard. And I thought he fired, or the jury found, that he fired the weapon straight into some of the occupied apartments. No, there's no evidence that he fired into. It was not even alleged that he ever fired into an apartment or even directly at an apartment. I thought there were. He fired at the back gate and into the empty courtyard. I thought there was evidence that at least one bullet hit, went through a door, hit a door frame. Another bullet hit some other part of the exterior of one of the apartments. Why couldn't a jury infer from the fact that he's firing into an occupied apartment that he might have been trying to kill someone? Well, we don't know. There were two incidents. They acquitted him on the first two incidents when apparently, if you believe it was the same two people, the jury didn't believe it. They were firing into the same way. And in that instance, earlier in the day, a couple hours earlier, I believe, somebody was hit. He was acquitted on those. Talking about the second. Yeah, but then he comes back and he fires from the same area. Into an occupied apartment. No, into the courtyard. We don't know when the bullets were. There were some bullets found there and there was one nick on a front door. A jury could infer from that that he took aim at the front door of an occupied apartment, right? I would say that that is firing at an occupied apartment building. It's not an attempt to commit murder. Or at least the front door was facing the place where he could fire at the front door. I don't have the diagram. It was a back gate and he fired. But we know a bullet reached the door. We know that. We don't know if it was from that incident or from the first incident. It doesn't matter. But they were standing at the same place. So we know that a bullet could reach the door. Why couldn't the jury infer? It could just as well have gone a little bit to the right or left and gone through the door. Doors are not made to withstand bullets. Well, it didn't. We don't know that anyone was even in that apartment. We don't know that anyone was in any of the apartments. The only people we know about at the time of the shooting of which my client got convicted is there was some people standing on a balcony overlooking it. And they couldn't see the shooter at that time. They saw the car pull up. They got out of the car and they fired the shots. And they left. At that time, so they charged him with a John Doe. I'm not saying if somebody got hit, we'd have a murder. But it's inherently dangerous. But you don't have to have somebody get hit. I mean, if somebody got hit the first time, they sort of go there and shoot. And this time, you know, by luck, nobody got hit. There's no – somebody could have gotten hit. It could have gotten pierced through a door. A kid might have jumped out. There was evidence that between the two shootings, there were people that came out of the doorways unlocked and there were children in the yard. Definitely something terrible could have happened. But then we would have had at least an implied malice second-degree murder because it's an inherently dangerous act to shoot into an empty courtyard of an occupied building. But that's not to say that we have a specific intent, which is what the state requires for attempted murder. You know, a specific but ineffectual intent to kill a human being. I mean, there's a lot of different kinds of situations where you could fire into a group of people without intent to kill one particular person. But there was nobody there that he was firing at. At least there was no evidence that there was. So under – you know, the elements under California law just were not proven sufficiently to satisfy minimal federal due process, as the Supreme Court recently explained in Coleman. As for the notice issue, that's another issue of ineffective assistance of trial counsel who never raised the notice issue. Well, you know, that comes to the – if it doesn't matter, then it's not ineffective assistance. If it does matter, why don't you explain why it matters? Well, to me, this is not a case where the prosecutor hit the ball and didn't give notice in the sense that we would normally think of it like changing the dates or making vague dates. Okay. Well, don't tell us what it is and tell us what it is. What's the problem with it? The problem is, is that you can't defend against a case where you're accused of killing somebody that doesn't exist, attempting to kill somebody that doesn't even exist. I mean, we don't know where anybody might have been there in that apartment that might have been hit or that he could have possibly intended to kill, given that information, John Doe. If trial counsel did not object to it specifically on that grounds, he did object to it more like I've done on the sufficiency by saying, you know, I mean, I raised the notice claim, but it's really the same question. How can you defend against this when there's nobody there? You can't go say, well, you know, where were you and where were you and where were you? Were you near the door? There is just no way that he could be appraised with reasonable certainty of what he had to defend against. Counsel, that doesn't sound like a notice problem. It sounds like you object to the legal theory that the case was tried under, but it doesn't sound like there was any confusion about what the government's actual theory of trial was. There was no confusion about it, but how would you know where the witness, where the person you were attempting to murder even stood? You see a lot of cases where you shoot at a group, people shoot at a group of people, or they shoot at a particular, right into somebody's window. But in this case, there was nobody in the courtyard at the time. It's not even disputed that there was nobody in the courtyard. I assume the attendant victims were the occupants of the apartment. There's no proof that he intended to kill anybody in the apartment. But, counsel, I mean, normally a jury would infer that if you take aim at somebody's door and fire a bullet through it, you are probably trying to kill someone who's inside. There's no evidence he took aim at anyone's door and fired a bullet through it. He just fired through the back gate into the courtyard. Just randomly sprayed the interior courtyard of an occupied apartment? Yes, that's it, and there's a statute that covers that, firing at an occupied. When and how was this raised before the state court? I raised everything on habeas. No, no, but you weren't counsel on, I'm sorry, you raised, you were counsel on the state habeas petition? The state habeas petition, yes. Well, I have the state habeas petition. I don't see where this was raised. Notice? Yes. Notice was one of the issues that we raised. It raises an IAC claim. You don't raise a deceptive claim. I mean, I don't see it. I have your brief here, and I don't see it. In the allegations, I believe, you're on your own. Okay. Well, where? This is the? California Supreme Court. Yes. I have it right here, and if I look at the table of contents, capital IV, rule number four, if petitioner was denied since 6th and 14th Amendment to the Rights to Effective Assistance of Appellate Counsel. And then we raise the substantive claims. And under the rubric of the Effective Assistance of Appellate Counsel, we allude in the allegations to those claims. Right. But those are in support of your IAC claim. I don't see where these were raised as substantive claims. The denial by the California Supreme Court has simply have been based on believing the counsel was not ineffective in failing to raise it. Part five on page 16 alleges all the things that counsel was ineffective for failing to raise on appeal. I understand. Okay. That's your ineffectiveness claim, IAC. But I don't see where you raise the notice issue as a substantive claim and say I was denied notice. And then I go into page 18.6 is where I raise the substantive claims, which are, you know, identical, but they have to be done in that way, which is my understanding as the Court apparently agrees. I'm sorry. Where is this? On page 18 of the State Petition. Page 6, I argue there was insufficient evidence to support Petitioner's conviction of count-raising. But this is all in support of the IAC claim. No. It's separate. Well, I don't see it. It's under the heading. The heading starts on page 11. Oh. Petitioner was denied. You have the State Petition in front of you? Right in front of me. Okay. So you look at Romani-Mulfo on page 11. Just turn to page 11. Page 11, a minor statement of facts. I think we must have different petitions here. I have the Supreme Court petition. Oh, I'm sorry. I'm looking at the reply. I remember doing this one, and it does on page 16, part 5, is where I say that this is filed for purposes of exhaustion, and I list that he was denied the effective assistance of appellate counsel and that counsel failed to argue all these things. And then on page 18, the Court will, I think, find the allegations of insufficient evidence. Well, I'm sorry. The argument, too, is insufficiency, right? Well, I'm looking at the allegations, because the arguments are, the points on tolerances are not really what's dispositive here. On page 16, I list in the allegations, verified allegations, why he was denied appellate counsel was ineffective. And then under point 6, I list the actual substitute claims. I don't see it. I see you raised it in support of your IAC claim, but I don't see where you raised his freestanding. Page 18, Your Honor. Point 6. This petition further alleges. One is there was insufficient evidence. Okay. So you allege this under 6. Yes. And where's the support for this? The substantive allegations are under 6. And I do write some Ps and As, but where I deal with the same things we're discussing today. Point 4 is notice. So this statement on page 18, where is that supported in the brief, in the petition? The statement on page 18? Yes. Point 4, information failed to provide sufficient notice. Let me see. I think it starts on page 40. But, counsel, I think the point 4 on page 18, the information failed to provide sufficient notice of the charge in violation of Petitioners 5th, 6th, and 14th Amendment rights. But, counsel, I think the point the Chief is making is that on page 37, of the petition, argument heading 3 is all couched under the auspices of ineffective assistance of trial counsel. That's where you get on page 40 to the notice problem under the heading that's dealing with an ineffective assistance of counsel argument. Okay. But I concede that probably is the case, that it's not repeated separately there. But the insufficiency argument is repeated, you know, ad nauseam. I went on and on about that one. Well, I thought that was also supported as also in support of your IAC claim. Well, it is. It's in support of the IAC claim, and it's also a substantive argument. But there's a difference because you don't have an IAC claim here before us now. So you have to have raised the substantive claim itself, not just the IAC claim. I did raise the substantive claim in the State court. Is that what the Court's asking me? Yes. It's here on page 18. Well, but if you go to page 37 and then page 40, where you lay it out, it is in support of your IAC claim. See, we have to figure out what the State court ruled on. Oh, I understand that, Your Honor. If you raise an IAC claim and they deny an IAC claim, the fact that you raised a notice claim in support of the IAC claim doesn't tell us whether they ruled on the notice claim or whether they ruled on the IAC claim. Well, as for the — on page 27, I argue the insufficiency issue fairly substantially. I mean, several pages of it. And then the notice issue, I just deal with as ineffective assistance of trial counsel. Right. The insufficiency, you do argue. You have the other problem that the State then comes back and says this is procedurally barred. But in order to find it not procedurally barred, the court — the State Supreme Court would have to find that counsel was ineffective for failing to raise it, which arguably, you know — But they denied it. They didn't grant it. If they granted it, we can infer that they find it — From a summary denial, we can infer that they found either that counsel was not ineffective or that there was sufficiency of the evidence or that, you know, it wouldn't have won on appeal, so therefore counsel, you know, was not ineffective for not having raised it. But nevertheless, either of those findings would be patently unreasonable under the facts of this case. That's my position. As far as the notice issue, that's raised as an ineffective assistance of counsel issue. Not as a freestanding issue. Not as a freestanding issue. Except in your position itself. Not in the explanation, but it's clearly specifically raised in that first paragraph you told us about. Right. I mean — It's not argued. I mean — You didn't make the argument twice in your explanation, but you listed it twice in your statement of the issues. True. I mean, we're not really necessarily required to put any Ps and As on this. I don't think I want to prolong this discussion of Mr. Crane because it's great. Can I have any time left for rebuttal, then, or unless the Court has more questions of me? So you say you raised it in your petition, but not in your memorandum. I didn't file a separate section. You made the argument once in your memorandum under ineffective assistance. You didn't say, now, let me make it again so you can understand that I think that it's not only inefficient, but it was also a deprivation. No, but it is briefed there. I mean, I think, given the fact that it's in the allegations, they should be able to figure it out. But then they don't usually figure things out. No, I'm sure they don't. They leave it to you folks. Okay. Okay, thank you. We'll hear from the State. Good morning, Your Honors. Deputy Attorney General Noah Hill on behalf of Respondent. May it please the Court. I would like to start with a notice issue in this Court's order on Tuesday regarding it. We would urge this Court not to grant a certificate of appealability as to the notice issue. We don't think that there's any reasonable basis to disagree with the District Court's rejection of Petitioner's claim as to notice. As Petitioner acknowledges in the objections to the report and recommendation, Petitioner did, in fact, have notice of the theory as a John Doe in the instant case and that that was predicated on shooting through the bars of the gate during the second shooting into the courtyard. Is your position that this issue is properly raised? Your Honor, we did not raise an exhaustion claim in the District Court. And, you know, perhaps we should. Or here. Pardon? Or here. Or here. That's correct, Your Honor. And as Counsel for Petitioner points out, it is indicated in the State Court petition that these are the claims that are being raised on page 18. And in the body of the IAC appellate argument, the way that it's formulated isn't IAC. It's sort of set forth strictly as a notice claim, which, given the fact that these habeas petitions are subject to almost every technicality in the world, you don't find a technical problem here without getting to the merits of that claim, other than you don't think it's worthy. No, we did not raise an objection. I'm not saying you didn't raise, but you also, as a reasonable lawyer, don't find a technical problem here that bars us from getting to the merits of that issue. That's correct. As long as we're talking about procedure, we also would agree that the sufficiency argument has been properly raised and is properly before the Court. The California Supreme Court will often deny as a matter of course these claims with a citation to a case indicating a procedural bar. In this case, there was none. We assume that this was a denial on the merits. But we don't agree that there is cause to grant a Certificate of Appealability, and back to the point that Petitioner acknowledged that he had a notice of what the theory was. And this really is a... Can we look beyond the charging document? Yes, Your Honor. You can look to the preliminary hearing. Why is that? Why is that? Because this Court has said that you can, because this is a theory and not something that increases the exposure of a defendant. In Shepard v. Reese, the Ninth Circuit said that you can look to... Don't you have to have a document that then, if you have a double jeopardy bar, you can point to and say, you know, you can't time again for this because it's barred by double jeopardy? Normally, you look at the charging document. I think you can look to, and under California law, People v. Cole is a case cited, and it's cited in the reply in the State Court proceedings before the California Supreme Court, that looking to the preliminary hearing in conjunction with the information is sufficient to prohibit double jeopardy problems. And in this case, that's certainly the case. We have a defendant who is aware at the time of the preliminary hearing that counts three and four would ultimately become counts three and four are going to be added to the information, and the district attorney indicated that that was going to happen at the beginning and at the end of the preliminary hearing. There were clearly evidence relating to two separate shootings delineated during the preliminary hearing, and there's no question that Petitioner was aware of that fact. Petitioner's claim is really one of discontent with the state of California law. Let's assume he was acquitted or convicted, and John Doe charged, and you do your investigation afterwards. You find there were six people within the kill zone, or whatever you want to say about it, in the apartment or in a place where a bullet nicked somewhere nearby. Could you, after the first time, then bring another person who was within the apartment and accuse them of attempting to kill that person as well? I don't believe so, Your Honor. Those are not the facts of this case. But in this case, we're not encountering the problem that exists in some other cases. No, I don't mean that. Judge Kuczynski asked the question of when it would be a double jeopardy bar. When it would be a double jeopardy problem? I mean, right now, let's say that you found somebody who comes forward and says, you know, I was actually in the courtyard, or I was actually behind the door, and why couldn't you charge Petitioner again? I think that we're proceeding already once. With having, I mean, he's gotten convicted once. I think having proceeded on a John Doe theory that relies on anyone and everyone that was present in that courtyard or in that apartment complex at the time of the shooting, I think that that would preclude the State from then bringing charges about a newfound victim at some later point in time. If the theory is, you know, we're going on anyone and everyone precedent, which Stone allows, that that would prohibit. Well, let's say now, you know, quite improbably, but let's say that they find a body, now badly decomposed by now, but, you know, there's sort of a basement window there, and somehow nobody looked there, and they've now found a dead body, somebody who was actually killed by one of those bullets, and you didn't know about it before. Would you now be barred from bringing murder charges against Petitioner? I don't believe so, but we're talking about the crime of murder now, and we're talking about a different offense that is not based on... Well, but double jeopardy bars not just the specific crime, but all the elements. And attempted murder and murder have many elements in common. So if the prior conviction bar applies, then you could prove the identity of this other person, perhaps, but you couldn't, or you could prove the fact of murder as opposed to attempted murder, but there are many other elements that you couldn't prove, like intent, like, you know what I mean? So I'm gathering there was enough overlap there that there's some elements that you would now have to prove again. Would the John Doe conviction bar that prosecution? I don't believe so. I don't know the answer to the Court's question. I will say that under the doctrine of transferred intent, such a defendant would then be guilty for any actual killing that occurred, any unintended killing that occurred when they're intending the death of a different victim. But the facts in such a case would be one that would necessarily have to play out in a state court proceeding and challenges following therefrom. And that's not the factual... I mean, if you're looking at the first two counts, you charged actual injury to a specific person. You got acquitted of that. Correct. Now, that wouldn't bar you from proving injury to a different person. I mean, let's say you now found somebody that was injured and you can tell it was the first shooting and not the second shooting, right? Wouldn't bar that, but... I agree. It's stated that I think that proceeding under a John Doe theory, and in this case that theory is to anyone present and anyone present in the courtyard, that that would preclude the state from then, later on, And murder too? I don't believe so, Your Honor. But beyond the answer that I've given the court, I... But if the answer is not, then I wonder what your theory of proper note is, how that holds up here. I mean, part of why we looked at the charging document and why it's dangerous to go beyond that is that you then have a problem figuring out the double jeopardy implications of a conviction or an acquittal. I think courts can certainly look to the preliminary hearing transcript in this case, can look to the 995 motion that was made prior to trial in this case, where the prosecutor lays out specifically what the people's theory is with respect to count three and count four, and the trial court makes a finding denying that motion, saying, well, I think that the fact that there's residents inside of this apartment complex and we can reasonably infer that, would be a sufficient basis to protect any future double jeopardy problems and assuage any notice problems in the instant case. Moving to... If you're going to move to the sufficiency argument? Moving to the... What was the theory for motive here? Why exactly was he trying to kill someone in this apartment complex? I just don't understand that. The theory before the jury, Your Honor, or based on the totality? Well, I think... Give us both, I guess. Well, okay. This seems to be a gang-related shooting. You have Appellant and Fernandez and Castaneda, and Appellant's certainly a member of this gang, and they pull up in the first shooting and they announce the name of their gang and they begin shooting at Corey B. and presumably other people out front, and as Corey runs into the gate, shooting at them. They return some time later, shoot into... Petitioner then shoots from the gate into the occupied apartment complex. And the motive seems to be the belief that more of the same people that they were attempting to shoot the first time are present the second time. That the intimidation and the... Are they people who have snitched on the gang? I don't... What's the theory? The theory at trial as to Petitioner and Fernandez ultimately was shooting at anyone potentially present that they came back to finish the job was the theory. So that ostensibly people that were present around Bowman, or around Corey B, excuse me, at the time of the first shooting, people that were still present in the courtyard, of course, were there. Now, mind you, the state didn't need to prove motive. Motive's not an element of the offense. No, I understand. But, I mean, the defense was, or at least the argument we're presented with, is that this was just a reckless firing into an inhabited building. There was no specific intent to kill anyone. But you can determine that from the number of shots fired between seven and nine in the second shooting. The fact that hollow-point bullets were used during the shooting, the fact that a semi-automatic rifle was used, and that bullets struck common areas on the first floor of this courtyard, including a door of a residence that occupants enter into and out of. Not only that, but there's the facts that this first shooting occurred, not hours, as Petitioner suggests, earlier, but 45 minutes before the first shooting, that there were children in the courtyard and people present in that area at the time. And you have somebody coming back to the courtyard, coming up to that fence, that that back entrance is one of two sole entrances into this courtyard that is otherwise a perimeter of apartment buildings, and firing seven to nine times into that courtyard. What's the weapon? It's a .22-caliber semi-automatic rifle with hollow-point bullets, loaded with hollow-point bullets. And that certainly establishes Petitioner's intent. It's certainly evidence from which a jury was entitled to make that determination on a sufficiency review in state court for the court to so rule, and it's a ruling that's entitled to deference in this court. And for those reasons, we would ask this court to affirm the judgment. Thank you. Give me a couple of minutes for a bubble. I would ask the court to reverse the judgment. There was no evidence that there was a rival gang in that apartment. There was no evidence. Does the motive really matter? I mean, to the jury, you have to tell a story, an explanation in order to get a conviction. Usually you have to explain, look, here's why it makes sense for him to have done it. But legally speaking, you don't need a motive, right? Of course not, but the absence of motive tends more to show that it was, as I described it, a random drunken spree of shooting into a courtyard than it was a specific intent to kill anybody. I think perhaps if there was evidence that there was a rival gang member in there, the State would have a much better case. The fact that it was a semi-automatic .22, I mean, you know, hardly anybody has pumps anymore. It's just not, it wasn't an assault rifle. It wasn't a kind of, there's some evidence that they were shooting at cans in the backyard and decided to go shoot at an apartment building instead. So it's not your typical gang case, even though there was some evidence that they might have been members of a gang. No evidence of gang rivalry. The jury hung on the gang allegations. I'm a little confused about your sufficiency of the argument, sufficiency of the evidence argument, if I can get to the substance of it. I mean, let's say they shoot into a crowd of people. No doubt, they shoot into a crowd of people. You don't have any doubt that that would be sufficient evidence? No, there's plenty of case law that says that's fine. Even if the people all run away and someone says, I saw him shoot into a crowd of people, that's fine. So let's say you are in a place where there are lots of people and you close your eyes and you just sort of shoot. That's enough, isn't it? You don't actually have to see the people. You just have to be in a situation where people are likely to be around. Likely to be around or around? I would say around. I mean, if you shoot into an empty field, you don't see anyone there. We don't know whether he looked in the courtyard and didn't see anyone or not. We really don't know that, but presumably... This is a place where people live. They live there, but they... This is not a field. This is not a forest where people would appear infrequently. I mean, this is a place where people live. They have their doors. They have their windows. This is a place where children play. We know there was a child there just an hour ago because one of them got hurt, right? But if there had been anybody there this time, I'm sure they would have found them. And they didn't. Otherwise, we wouldn't have had a John Doe prosecution. The only people that were witnesses were up on a balcony. They didn't say there was anybody in the courtyard. So there really wasn't anybody in the courtyard with that regard to what the client might have thought. So we could have a negligent or inherently dangerous prosecution if there had been a murder, but we're talking about specific... What if it were going through the door and hurting somebody on the side of the door? If it had? If it had happened, but we have... There's a possibility that it would. A possibility... Let's say you've got one of these buildings with offices and nearer how they are, you can't look through, and you start shooting at the various windows, these office buildings, and you don't know whether there's anybody behind any particular window, is there? You think you'd actually have to see people on the other side? That's a closer case, shooting right into a window on purpose. But I don't know. It's a gray area. There's one case where they... Well, it shouldn't make any difference whether it's a window or a door. The point is that there might be somebody on the other side of it, and a bullet can penetrate it. But he didn't shoot through the door. Whether it's glass or wood, it doesn't matter, right? It does matter. If you go up and you shoot right through a door, I would say probably you've got whoever was in the apartment, or even you've got an attempted murder. But shooting into a courtyard... Even if there's no one in the apartment. If there's no one in the apartment and the guy knows there's no one in the apartment, then... Yes, if he knows there's no one in the apartment, but in this case he doesn't know who might be behind that door, right? But no one shot at a door. I think a bullet... Maybe from the first incident, there's only seven bullets total that were found from both incidents collected. There were seven bullets. All 22 was all fired from the same gun. There were seven casings. Seven casings, yeah. Seven casings. And one bullet nicked a railing, and one bullet nicked a front door. But we don't even know... The bullet that nicked the front door could have gone through the front door. But it didn't. And we don't even know if there was anyone in the apartment. But it could have. I suppose. Anything could happen. There's a possibility of anything happening. Somebody could have got scared and fallen off the balcony. But it didn't. And there was no victim in the courtyard. So, you know, I... Let me just... One question on that. Sure. So you said there were seven to nine rounds were fired, all told between the two shootings? Yes, yes. And do you know, is there... Was there evidence as to, I guess, which... Whether the bullet that hit the door frame, is there evidence to suggest that that came from the first versus the second shooting? No. No, there isn't. And actually two of the bullets or casings that were recovered by one of the residents that gave them to the police a few days later. So, I mean, there's not much good ballistic evidence at all here from which we can make any inferences one way or the other. The jury could infer that it was from the second shooting. That there was what? That it was from the second shooting. That the bullets that were... All the bullets were found from the second shooting? The bullet that lodged in the door. I don't think any evidence represented that they could have made an inference one way or the other. But somehow they acquitted my client of the first two shootings. I guess because they didn't believe, you know, the identification. So the shootings dealt with actually hurting the one, the one, the kid? Well, yes. But there was also... They did hurt him. But there was a count for shooting into an inhabited house. The same count that, you know... Well, they had two of each. They had two attempt murders and two... I see. Two shooting at an inhabited dwelling. Okay. Thank you, Your Honor. The case is filed. You will stand submitted. We are adjourned. All right.
judges: Kozinski, Reinhardt, Watford